**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | CASE NO. 18cr3227 WQH |
|---|---|
| Plaintiff, | CASE NO. 18cr3228 WQH |
| v. | **ORDER** |
| MARBEL YANETH RAMIREZ-RAUDALES, OLGA ESMERALDA GEORGE, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Notice of Appeal to the District Court filed by Defendant Marbel Yaneth Ramirez-Raudales (ECF No. 68), and the Notice of Appeal to the District Court filed by Defendant Olga Esmeralda George (ECF No. 67).

**BACKGROUND FACTS**

On April 30, 2018, a complaint was filed charging each of the Defendants "an alien, did knowingly elude examination and inspection by Immigration Officers, a misdemeanor; in violation of Title 8, United States Code, Section 1325." The probable cause statement in each case stated:

> On April 27, 2018, Border Patrol Agent J. Renteria, was performing his assigned duties in the Imperial Beach, California Border Patrol Station's area of responsibility. At approximately 9:05PM, Agent Renteria observed eighteen subjects walking northbound from the United States/Mexico International Boundary fence near an area known to Border Patrol agents as "Goat Canyon." Agent Renteria responded to the location and upon arrival, all of the subjects stopped. This area is approximately four miles west of the San Ysidro, California Port of Entry and approximately fifty yards north of the United States/Mexico International Boundary. Agent Renteria identified himself as a United States Border Patrol agent and conducted an immigration inspection. Thirteen of the eighteen subjects, including one later identified as the defendant, Olga Esmeralda GEORGE, [RAMIREZ] freely admitted to being citizens and nationals of Honduras. Three of the other subjects, admitted to being citizens and nationals of India, one admitted to being

- 1 -

> a citizen and national of Guatemala, and the remaining subject admitted to being a citizen and national of Mexico. All of the subjects stated they were not in possession of immigration documents allowing them to enter or remain in the United States legally. At approximately 9:10PM, Agent J. Renteria placed all of the subjects; including GEORGE [RAMIREZ], under arrest. During administrative processing GEORGE [RAMIREZ] stated that she entered the United States on April 27, 2018.

18cr3227 (ECF No. 1); 18cr3228 (ECF No. 1). Defendants made an appearance before the Magistrate Judge and counsel was appointed.

On May 2, 2018, each Defendant filed a motion to dismiss on the grounds of selective prosecution. 18cr3227 (ECF No. 10); 18cr3228 (ECF No. 9).

On May 10, 2018, both Defendant were released on bond. 18cr3227 (ECF No. 23); 18cr3228 (ECF No. 27).

On May 15, 2018, Plaintiff United States filed oppositions to the motions to dismiss on the grounds of selective prosecution supported by the Declaration of United States Border Patrol Assistant Chief Patrol Agent Ryan Yamasaki. 18cr3227 (ECF No. 27); 18cr3228 (ECF No. 32).

On May 23, 2018, the Magistrate Judge held a hearing on Defendants' motion to dismiss for selective prosecution. The Magistrate Judge concluded that Defendants "have not made the necessary threshold showing of both discriminatory effect and discriminatory purpose that would support their claim of selective prosecution to warrant dismissing the complaint against them. Similarly, the showing does not meet the selective prosecution standard for discovery." 18cr3227 (ECF No. 80 at 27); 18cr3228 (ECF No. 80 at 27).

On June 20, 2018, the Magistrate Judge denied Defendants' request for an evidentiary hearing to cross-examine Agent Yamasaki, and Defendants' motion to Dismiss the Complaint for Selective Prosecution and accompanying request for discovery. 18cr3227 (ECF No. 48); 18cr3228 (ECF No. 48).

On July 12, 2018, Plaintiff United States filed an information in each case charging Defendants "did knowingly elude examination and inspection by immigration officers, a misdemeanor, in violation of Title 8, United States Code, Section

1325(a)(2). 18cr3227 (ECF No. 57); 18cr3228 (ECF No. 57).

On July 17, 2018, the United States Magistrate Judge commenced a consolidated bench trial. Testimony was taken and exhibits received.

On July 18, 2018, the Magistrate Judge found Defendants guilty and entered judgments sentencing each Defendant to the custody of the Bureau of Prisons for a term of time served. 18cr3227 (ECF No. 66); 18cr3228 (ECF No. 65).

On July 23, 2018, Defendants filed an Appeal of Magistrate Judge Decision. 18cr3227 (ECF No. 68); 18cr3228 (ECF No. 67).

## ANALYSIS

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S. C. § 3402. Rule 58(g)(2)(B) of the Rules of Criminal Procedure provides that "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B). Defendants filed a timely appeal claiming that Magistrate Judge improperly denied the motion to dismiss for selective prosecution, and that the evidence at trial was insufficient to convict Defendants of the eluding crime. Plaintiff United States responded that motion to dismiss for selective prosecution was properly denied, and the evidence at trial proved beyond a reasonable doubt that Defendants violated 8 U.S.C. § 1325(a)(2).

**Selective prosecution**

Defendants contends that the convictions in this case should be reversed and the complaints dismissed for selective prosecution. Defendants assert that border patrol agents arrested eighteen people on April 27, 2018, including three people believed to be citizens of India, and prosecuted only people agent believed were from Mexico, Honduras, and El Salvador. Defendants contend that they were selected for prosecution on the basis of their national origin. Defendants contend that they were improperly denied discovery on the charging practices and that they were entitled to

cross-examine the agent whose declaration was considered in determining the selective prosecution motion.

Plaintiff United States contends that the Magistrate Judge properly denied Defendant's motion to dismiss because Defendants did not satisfy the burden to succeed or to obtain discovery on a selective prosecution claim. Plaintiff United States asserts that Defendants cannot establish a discriminatory effect from selective prosecution by focusing on a one-day period and solely on citizens of India. Plaintiff United States asserts that the record established that the decision to prosecute Defendants identified as caravan members was an effort to deter illegal immigration and not motivated by a discriminatory purpose.

In *United States v. Armstrong*, 517 U.S. 456, 464-65 (1996), the Supreme Court stated,

> In the ordinary case, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S. Ct. 663, 668, 54 L.Ed.2d 604 (1978).
>
> Of course, a prosecutor's discretion is "subject to constitutional constraints." *United States v. Batchelder*, 442 U.S. 114, 125, 99 S. Ct. 2198, 2204–2205, 60 L.Ed.2d 755 (1979). One of these constraints, imposed by the equal protection component of the Due Process Clause of the Fifth Amendment, *Bolling v. Sharpe*, 347 U.S. 497, 500, 74 S. Ct. 693, 694–695, 98 L.Ed. 884 (1954), is that the decision whether to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification," *Oyler v. Boles*, 368 U.S. 448, 456, 82 S. Ct. 501, 506, 7 L.Ed.2d 446 (1962).

The Supreme Court explained that "[the requirements for a selective-prosecution claim draw on 'ordinary equal protection standards.' The claimant must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.' To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted." *Id.* at 465 (internal citations omitted).

In this case, the prosecutor had probable cause to believe that the accused committed an offense defined by statute. The Magistrate Judge properly concluded

that the Defendants had not made the threshold showing that the decision to prosecute had a discriminatory effect and was motivated by a discriminatory purpose. In order to establish discriminatory effect, a defendant "must show that similarly situated individuals of a different race were not prosecuted." *Armstrong*, 517 U.S. at 465. "A defendant must present specific facts, not mere allegations, which establish a colorable basis for the existence of both discriminatory application of a law and discriminatory intent on the part of government actors." *United States v. Bourgeois*, 964 F.2d 9335, 939 (9th Cir. 1992). The arrest of eighteen individuals crossing the border on April 27, 2018 and the subsequent prosecution of five of the eighteen individuals is not sufficient to satisfy the threshold showing of a selective prosecution claim or form the basis for further discovery. Defendants' assertion that the three Indian nationals in the group were not prosecuted does not constitute a threshold showing that similarly situated individuals of a different race were not prosecuted.

The evidence before the Magistrate Judge was uncontested that the prosecutions were targeted at caravan members illegally entering the United States. The Declaration of Agent Yamaski stated that the "Border Patrol sought prosecution of caravan participants with the objective of deterring other caravan participants from illegally entering the United States, while also taking into consideration humanitarian concerns." (ECF No. 27-2 at 4). Based upon the declaration setting forth the law enforcement motivation as well as the non-prosecution of individual not participants in the caravan, the Magistrate Judge properly concluded that considerations other than race discrimination formed the basis for prosecutorial decision-making.[1] The Court concludes that the Magistrate Judge properly denied Defendants' motions to dismiss for selective prosecution and request for further discovery.

---

[1] Magistrate Judge properly concluded that cross-examination of Agent Yamaski was not required absent a factual basis for disputing factual statements. 18cr3227 (ECF No.48); 18cr3228 (ECF No 48).

**Sufficiency of the Evidence**

Defendants assert that the charge in 8 U.S.C. § 1325(a)(2) requires proof that an immigration officer was present at the time of their alleged illegal entry and that government failed to prove that an immigration officer was present when they entered the United States. Defendants assert that "a defendant must sneak by an immigration officer, where the officer is present at the moment the defendant crosses into the United States." 18cr3227 (ECF No. 90 at 33); 18cr3228 (ECF No. 88 at 33). Finally, Defendants assert that the Government was required to prove at trial beyond a reasonable doubt that they were not coming to the United States to seek asylum.

Plaintiff United States contends there was sufficient evidence to sustain the convictions and that an immigration officer need not be present at the time of the illegal entry. Plaintiff United States contends that lack of intent to seek asylum is not an element of a § 1325(a)(2) offense and intent to seek asylum is not an affirmative defense to the charge.

At trial, the government presented evidence that on April 27, 2018 at sometime after 8:00 p.m., Border Patrol Agent Renteria responded to an area known as Goat Canyon because he was notified that a sensor had been activated. The agent saw a group of people moving north and pursued the group. The agent caught up to the group in a brushy area. There were eighteen people in the group, including the two Defendants in this case. The area was approximately 50 yards north of the border and four miles west of the Port of Entry. With the assistance of other agents, Agent Renteria identified himself and conducted field inspections of the eighteen individuals. Both Defendants stated that they were citizens of Honduras and that they had no legal right to be in the United States.

The Magistrate Judge concluded that the evidence established beyond a reasonable doubt that each Defendant is not a citizen of the United States and had no legal authorization for entering or remaining in the United States. The Magistrate Judge concluded that the evidence established beyond a reasonable doubt that each

Defendant "eluded examination and inspection by immigration officers by crossing the border, at an unlawful point. . . approximately four miles west of the port of entry and north of the international boundary fence." (ECF No. 93-2 at 10). The Magistrate Judge concluded that each Defendant "is guilty of improper entry by an alien, in violation of Section 1325(a)(2)." *Id*. at 13.

This Court concludes that the evidence in the record supports that findings and conclusions of the Magistrate Judge. Section 1325(a)(2) is a general intent crime and prohibits an alien from eluding examination and inspection. The government is not required to prove that the Defendant was not seeking asylum at the time he committed that offense and it is not a defense that the Defendant intended to seek asylum if or when apprehended. There is no requirement in § 1325(a)(2) that immigration officer was present at the moment the defendant crosses into the United States. *See United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193-94 (9th Cir. 1979) ("Because these examinations and inspections are to take place at the time of entry, a fixed point in time, this suggests that the offense described by § 1325(2) is consummated at the time an alien gains entry through an unlawful point and does not submit to these examinations.").

IT IS HEREBY ORDERED that the Notice of Appeal to the District Court filed by Defendant Marbel Yaneth Ramirez-Raudales (ECF No. 68), and the Notice of Appeal to the District Court filed by Defendant Olga Esmeralda George (ECF No. 67) are denied. The Judgment of Conviction of Defendant Marbel Yaneth Ramirez-Raudales (ECF No. 66) and the Judgment of Conviction of Defendant Olga Esmeralda George (ECF No. 65) are affirmed. The Clerk shall close these consolidated cases.

DATED: January 29, 2019

**WILLIAM Q. HAYES**
United States District Judge